IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| Francoise Walters, | ) | CIVIL ACTION NO._____ |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMAND |
| City of Miami, | ) | |
| | ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful national origin, sex and race-based employment practices, and to provide relief to Plaintiff Francoise Walters who was adversely affected by such practices. As alleged with greater specificity below, Defendant, the City of Miami, failed to promote Plaintiff Francoise Walters to the position of full-time sanitation supervisor due to her national origin, sex and race.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-2.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

3. Therefore, in accordance with 28 U.S.C. §1391 and 42 U.S.C. §2000(e)-2, venue is appropriate in this Court.

## PARTIES

4. Plaintiff, Francoise Walters ("Walters"), is an employee of Defendant City of Miami, and the cause of action accrued in Miami-Dade County.

5. Defendant, City of Miami ("Defendant" or "Defendant City"), provides sanitation services to Miami, Florida and employed Plaintiff.

6. At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 15 employees.

7. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. §2000e (b).

## CONDITIONS PRECEDENT

8. Plaintiff, Francoise Walters, has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Plaintiff Walters timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant City.  Pursuant to a work sharing agreement, the Charge was dual filed with the Florida Commission on Human Relations (FCHR).

9. The EEOC provided Plaintiff Walters with a Notice of Right to Sue on or about August 9, 2019.  Plaintiff Walters timely commenced this action.

## STATEMENT OF FACTS

10. Plaintiff Walters is an African American female with Haitian descent.

11. Plaintiff Walters began employment with Defendant City in October 1994.

12. In 2018, Plaintiff Walters applied for the position of sanitation supervisor.

13. During 2017, Plaintiff Walters held the role of acting-sanitation supervisor. She qualified for the position.

14. No complaints were made regarding Plaintiff Walters' performance as acting-sanitation supervisor.

15. After Plaintiff Walters applied for the full-time position of sanitation supervisor in 2018, however, Director Mario Nunez did not give the position to Plaintiff Walters due to her national origin, race and sex, and instead a white Latino male, Claudio Conde, received the position.

16. On or about March 2014, Mr. Conde began employment with Defendant City. Whereas, Plaintiff Walters has worked for Defendant City since 1994.

17. Initially the advertisement for the sanitation supervisor position stated that applicants need to have at least 4 years of relevant experience. However, Director Mario Nunez lowered the requirement to three years.

18. The aforementioned requirement was lowered to three years so that Mr. Conde could get the supervisor position instead of Plaintiff Walters.

19. Further, Mr. Conde does not have a college degree. Whereas Plaintiff Walters has a four-year college degree.

20. At all times material, the director of Defendant's human resources, Angela Roberts, and the rest of the human resources department, acted at the direction of Director Nunez regarding applicants and applications for the full-time sanitation supervisor position.

21. In addition, Defendant City's pretextual excuse for not giving Plaintiff Walters the position was in regards to her alleged lack of experience driving heavy vehicles. In reality, Plaintiff Walters has a commercial driver's license and Plaintiff Walters has experience driving buses which is a heavy vehicle.

22. Also, the position of sanitation supervisor does not involve the driving of heavy vehicles.

23. While Plaintiff Walters was acting-sanitation supervisor, she was never required to drive a heavy vehicle.

24. Plaintiff Walters was denied the full-time sanitation supervisor position due to her national origin, race, and sex.

25. As an example of favoritism towards white Latino male employees, Ulysses Garcia worked for about a year out of class, and when the full-time position became available he applied but he did not get the position. Nonetheless, Director Nunez decided to not advertise for the position again and instead allowed Mr. Garcia to continue to act for years out of class and maintain a 5% pay increase.

26. At all times material, Director Nunez, Mr. Conde, Mr. Garcia, Angela Roberts, and Defendant's human resources department were all acting within the scope of their employment with Defendant City.

## COUNT I

### FAILURE TO PROMOTE BASED ON SEX

27. Plaintiff Walters incorporates the allegations contained in the preceding paragraphs 1-9 as if fully set forth herein.

28. Plaintiff Walters is female.

29. Plaintiff Walters began employment with Defendant City in October 1994.

30. In 2018, Plaintiff Walters applied for the full-time position of sanitation supervisor.

31. During 2017, Plaintiff Walters held the role of acting-sanitation supervisor. She qualified for the position.

32. No complaints were made regarding Plaintiff Walters' performance as acting-sanitation supervisor.

33. After Plaintiff Walters applied for the full-time position of sanitation supervisor in 2018, however, Director Mario Nunez did not give the position to Plaintiff Walters due to her sex, and instead a male, Mr. Claudio Conde, received the position.

34. At the time, Mr. Conde had worked for Defendant City for only three years. Whereas, Plaintiff Walters has worked for Defendant since 1994.

35. Initially the advertisement for the sanitation supervisor position stated that applicants need to have at least 4 years of relevant experience. However, Director Mario Nunez lowered the requirement to three years.

36. The requirement was lowered to three years so that a male, Mr. Conde, could get the position instead of Plaintiff Walters.

37. Further, Mr. Conde does not have a college degree. Whereas Plaintiff Walters has a four-year college degree.

38. At all times material, the director of Defendant's human resources, Angela Roberts, and the rest of the human resources department, acted at the direction of Director Nunez regarding applicants and applications for the full-time sanitation supervisor position.

39. In addition, Defendant City's pretextual excuse for not giving Plaintiff Walters the promotion was in regards to her alleged lack of experience driving heavy vehicles. In reality, Plaintiff Walters has a commercial driver's license and Plaintiff Walters has experience driving buses.

40. Also, the position of sanitation supervisor does not involve the driving of heavy vehicles. As acting sanitation supervisor, Plaintiff Walters was never required to drive a heavy vehicle.

Defendant City's excuse is pretextual and is part of Defendant City's attempt to hide the true reason for Plaintiff Walter's non-promotion, which is Plaintiff's sex.

41. As an example of favoritism towards male employees, Ulysses Garcia worked for about a year out of class, and when the full-time position became available he applied but he did not get it.  Nonetheless, Director Nunez decided to not advertise for the position again and instead allowed Mr. Garcia to continue to act for years out of class and maintain a 5% pay increase.

42. Plaintiff Walters is a member of a protected class, female; Plaintiff Walters was subjected to an adverse employment action, she was denied the promotion to full-time sanitation supervisor; Plaintiff Walters' employer treated similarly situated male employees more favorably, such as Ulysses Garcia and Mr. Conde; and Plaintiff Walters was qualified to be sanitation supervisor.

43. At all times material, Director Nunez, Mr. Conde, Mr. Garcia, Angela Roberts, and Defendant's human resources department were all acting within the scope of their employment with Defendant City.

44. Defendant intentionally engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to promote Plaintiff Walters to full-time sanitation supervisor.

45. Defendant's failure to promote Plaintiff Walters was done with malice or with reckless indifference to the federally protected rights of Plaintiff Walters.

46. Defendant at all times material hereto was an employer and covered entity within the meaning of Title VII and the employer of Plaintiff Walters.

47. As a direct and/or proximate result of the aforementioned failure to promote, Plaintiff Walters has sustained damages and has been compelled to retain the services of the undersigned attorney.

WHEREFORE, Plaintiff Walters demands judgment against the Defendant the City of Miami for compensatory damages, including, without limitation, payment of Plaintiff's expenses incurred as a consequence of the failure to promote; lost income, costs and attorneys' fees; and such other and further relief as the Court may deem just and proper.

## COUNT II

### FAILURE TO PROMOTE BASED ON NATIONAL ORIGIN

48. Plaintiff Walters incorporates the allegations contained in the preceding paragraphs 1-9 as if fully set forth herein.

49. Plaintiff Walters is of Haitian descent.

50. Plaintiff Walters began employment with Defendant City in October 1994.

51. In 2018, Plaintiff Walters applied for the position of sanitation supervisor.

52. During 2017, Plaintiff Walters held the role of acting-sanitation supervisor. She qualified for the position.

53. No complaints were made regarding Plaintiff Walters' performance as acting-sanitation supervisor.

54. After Plaintiff Walters applied for the full-time position of sanitation supervisor in 2018, however, Director Mario Nunez did not give the position to Plaintiff Walters due to her national origin, and instead a non-Haitian person, Mr. Claudio Conde, received the position.

55. At the time, Mr. Conde had worked for Defendant City for only three years. Whereas, Plaintiff Walters has worked for Defendant since 1994.

56. Initially the advertisement for the sanitation supervisor position stated that applicants need to have at least 4 years of relevant experience. However, Director Mario Nunez lowered the requirement to three years.

57. The requirement was lowered to three years so that Mr. Conde could get the position instead of Plaintiff Walters.

58. Further, Mr. Conde does not have a college degree. Whereas Plaintiff Walters has a four-year college degree.

59. At all times material, the director of Defendant's human resources, Angela Roberts, and the rest of the human resources department, acted at the direction of Director Nunez regarding applicants and applications for the full-time sanitation supervisor position.

60. In addition, Defendant City's pretextual excuse for not giving Plaintiff Walters the promotion was in regards to her alleged lack of experience driving heavy vehicles. In reality, Plaintiff Walters has a commercial driver's license and Plaintiff Walters has experience driving buses.

61. Also, the position of sanitation supervisor does not involve the driving of heavy vehicles. As acting sanitation supervisor, Plaintiff Walters was never required to drive a heavy vehicle. Defendant City's excuse is pretextual and is part of Defendant City's attempt to hide the true reason for Plaintiff Walter's non-promotion, which is Plaintiff's national origin.

62. As an example of favoritism towards non-Haitian employees, Ulysses Garcia worked for about a year out of class, and when the full-time position became available he applied but he did not get it.  Nonetheless, Director Nunez decided to not advertise for the position again and instead allowed Mr. Garcia to continue to act for years out of class and maintain a 5% pay increase.

63. Plaintiff Walters is a member of a protected class, Haitian; Plaintiff Walters was subjected to an adverse employment action, she was denied the promotion to full-time sanitation supervisor; Plaintiff Walters' employer treated similarly situated non-Haitian employees more favorably, such as Ulysses Garcia and Mr. Conde; and Plaintiff Walters was qualified to be a full-time sanitation supervisor.

64. At all times material, Director Nunez, Mr. Conde, Mr. Garcia, Angela Roberts, and Defendant's human resources department were all acting within the scope of their employment with Defendant City.

65. Defendant intentionally engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to promote Plaintiff Walters.

66. Defendant's failure to promote Plaintiff Walters was done with malice or with reckless indifference to the federally protected rights of Plaintiff Walters.

67. Defendant at all times material hereto was an employer and covered entity within the meaning of Title VII and the employer of Plaintiff Walters.

68. As a direct and/or proximate result of the aforementioned failure to promote, Plaintiff Walters has sustained damages and has been compelled to retain the services of the undersigned attorney.

WHEREFORE, Plaintiff Walters demands judgment against the Defendant The City of Miami for compensatory damages, including, without limitation, payment of Plaintiff's expenses incurred as a consequence of the failure to promote; lost income, costs and attorneys' fees; and such other and further relief as the Court may deem just and proper.

## COUNT III

## FAILURE TO PROMOTE BASED ON RACE

69. Plaintiff Walters incorporates the allegations contained in the preceding paragraphs 1-9 as if fully set forth herein.

70. Plaintiff Walters is African-American.

71. Plaintiff Walters began employment with the City of Miami in October 1994.

72. In 2018, Plaintiff Walters applied for the full-time position of sanitation supervisor.

73. During 2017, Plaintiff Walters held the role of acting-sanitation supervisor. She qualified for the position.

74. No complaints were made regarding Plaintiff Walters' performance as acting-sanitation supervisor.

75. After Plaintiff Walters applied for the position of full-time sanitation supervisor in 2018, however, Director Mario Nunez did not give the position to Plaintiff Walters due to her race, and instead a non-African American person, Mr. Claudio Conde, received the position.

76. At the time, Mr. Conde had worked for Defendant City for only three years. Whereas, Plaintiff Walters has worked for Defendant since 1994.

77. Initially the advertisement for the sanitation supervisor position stated that applicants need to have at least 4 years of relevant experience. However, Director Mario Nunez lowered the requirement to three years.

78. The requirement was lowered to three years so that Mr. Conde could get the position instead of Plaintiff Walters.

79. Further, Mr. Conde does not have a college degree. Whereas Plaintiff Walters has a four-year college degree.

80. At all times material, the director of Defendant's human resources, Angela Roberts, and the rest of the human resources department, acted at the direction of Director Nunez regarding applicants and applications for the full-time sanitation supervisor position.

81. In addition, Defendant City's pretextual excuse for not giving Plaintiff Walters the promotion was in regards to her alleged lack of experience driving heavy vehicles. In reality, Plaintiff Walters has a commercial driver's license and Plaintiff Walters has experience driving buses.

82. Also, the position of sanitation supervisor does not involve the driving of heavy vehicles. As acting sanitation supervisor, Plaintiff Walters was never required to drive a heavy vehicle. Defendant City's excuse is pretextual and is part of Defendant City's attempt to hide the true reason for Plaintiff Walter's non-promotion, which is Plaintiff's race, African-American.

83. As an example of favoritism towards non-African American employees, Ulysses Garcia worked for about a year out of class, and when the full-time position became available he applied but he did not get it.  Nonetheless, Director Nunez decided to not advertise for the position again and instead allowed Mr. Garcia to continue to act for years out of class and maintain a 5% pay increase.

84. Plaintiff Walters is a member of a protected class, African-American; Plaintiff Walters was subjected to an adverse employment action, she was denied the promotion to full-time sanitation supervisor; Plaintiff Walters' employer treated similarly situated non-African American employees more favorably, such as Ulysses Garcia and Mr. Conde; and Plaintiff Walters was qualified to be sanitation supervisor.

85. At all times material, Director Nunez, Mr. Conde, Mr. Garcia, Angela Roberts, and Defendant's human resources department were all acting within the scope of their employment with Defendant City.

86. Defendant intentionally engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to promote Plaintiff Walters.

87. Defendant's failure to promote Plaintiff Walters was done with malice or with reckless indifference to the federally protected rights of Plaintiff Walters.

88. Defendant at all times material hereto was an employer and covered entity within the meaning of Title VII and the employer of Plaintiff Walters.

89. As a direct and/or proximate result of the aforementioned failure to promote, Plaintiff Walters has sustained damages and has been compelled to retain the services of the undersigned attorney.

WHEREFORE, Plaintiff Walters demands judgment against the Defendant the City of Miami for compensatory damages, including, without limitation, payment of Plaintiff's expenses incurred as a consequence of the failure to promote; lost income, costs and attorneys' fees; and such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff Francoise Walters demands a trial by jury on all issues so triable.

Date: Friday, August 30, 2019

Respectfully submitted,

/s/ *Nnamdi Jackson*

Nnamdi S. Jackson, Esq.
Fla. Bar No. 99804

**THE LAW OFFICE OF NNAMDI S. JACKSON, P.A.**
2645 Executive Park Drive,
Suite 340
Weston, Florida 33331
(954) 670-1267
njackson@nsjlawoffice.com